## JOHN *v.* JOHN.

APPEAL from the Wayne Common Pleas.

PETTIT, C. J.—The errors assigned are, "first, the court erred in permitting said appellee to amend said complaint by inserting said charges of adultery, accruing after said complaint was filed, and overruling said appellant's motion to strike out said amendment; second, the court erred in allowing excessive alimony; third, the court erred in overruling said demurrer to said amended complaint; fourth, the court erred in overruling said motion for a new trial."

It is impossible to conceive a more awkward, imperfect, irregular, disorderly, and worthless transcript than this. It is difficult, with few exceptions, to tell what was or what was not done by the court or parties, as there is no system in the record. We have been only able to *guess*, that the appellee filed a complaint for divorce and alimony against the appellant, charging adultery; that a general denial and an answer of condonement were filed, and without any action thereon, appellee took leave to amend the complaint, which was done by filing additional or suplementary causes of divorce, charging adultery *after* the commencement of the suit, adulterous intercourse, cruel treatment, failure to provide, &c. Motion to strike out, demurrer, and affidavit for continuance were filed at the same time. On these the action of the court is so jumbled up in the record that it is not clear what was done, except a continuance, whether on the affidavit or not is not clear by the record. After numerous motions, orders, and affidavits, and but few rulings of the court, the cause was submitted to the court for trial. Finding for appellee, and that appellant was guilty of adultery as charged in the complaint; that the parties had lived together twenty-seven years and had accumulated about twelve thousand dollars (mostly from the wife's property); that she had real property at the date of the decree to the amount of three thousand dollars; that he had in his own name property worth nine thousand dollars; and the court decreed her alimony of three thousand dollars, payable in instalments.

The evidence is not before us, but we have examined what purports to be the record in the cause as critically and carefully as it is possible to do, and we cannot say that there is any error that the appellant has a right to complain of, or that ought to reverse the decree.

Judgment affirmed, at the costs of appellant.

*W. A. Bickle,* for appellant.

*L. D. Stubbs* and *J. Yaryan,* for appellee.